UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                         609-858-9360
United States Bankruptcy Judge                                                 609-989-2259 Fax

June 7, 2013

**Steven J. Abelson**
Abelson & Truesdale, LLC
63 West Main Street
PO Box 7005
Freehold, NJ 07728
Attorney for Debtor Anthony Bartoline

**Gregory L. Van Dyck**
Division of Law
25 Market Street
PO Box 119
Trenton, NJ 08625
Attorney for New Jersey Department of Labor

    Re: NJ Dept. of Labor & Workforce Development, Div. of Unemployment &
       Disability Ins. v. Anthony Bartoline
       Adversary Proceeding No.: 11-1794 (MBK)

       In Re: Anthony Bartoline
       Case No.: 11-16586 (MBK)

Counselors:

   The captioned Adversary Proceeding was filed by Plaintiff, New Jersey Department of Labor, Division of Unemployment & Disability Insurance ("Department") seeking to establish the non-dischargeability of statutory assessments against the Defendant-Debtor, Anthony Bartoline ("Debtor"). The Department intends to prove the Debtor's intent to defraud or deceive through the introduction of evidence which allegedly shows misrepresentations of income made

by the Debtor. On November 8, 2012, the Debtor filed a motion ("Motion") seeking to exclude this evidence. The Court has reviewed the submissions and issues the following ruling:

## I.    Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

The Debtor received unemployment compensation benefits from the Department during various time periods between 2005 and 2007. After an internal investigation, the Department provided the Debtor with notice and an opportunity to be heard regarding potential overpayment of unemployment compensation to the Debtor. Following hearings on these matters, the Department concluded that the Defendant had, in fact, been overpaid and demanded reimbursement and also assessed penalties against the Debtor. The Department obtained a judgment against the Debtor for the amounts owed on April 23, 2009. On March 6, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 13, 2011, the Department filed the within adversary proceeding alleging that the debt owed to the Department should be deemed non-dischargeable under 11 U.S.C. § 523 (a)(2) and 523

(a)(7) because the Debtor obtained the unemployment compensation benefits by means of willful misrepresentation.

On or about August 17, 2012, the Department filed its Trial Brief [Docket Entry No. 12] which included several exhibits. On November 8, 2012, the Debtor filed this Motion seeking to exclude certain exhibits as inadmissible hearsay. The Debtor contends that the Department seeks to use computer generated reports to prove the Debtor's alleged material misrepresentations. The Debtor argues that these reports are hearsay and that they do not meet the standards for admissibility of business records as an exception to the rule against hearsay.

For the reasons that follow, the Court finds that the challenged documents are admissible. Accordingly, the Debtor's Motion is DENIED.

### III. Discussion

The Debtor does not specify which of the trial exhibits he seeks to challenge through this motion; however, the argument portion of his brief refers to Exhibits D, E, F, H, I and L. Therefore, the Court will address only the admissibility of those Exhibits.

**A. Admissibility of Exhibits D, E and F:**

The Court finds that the information contained in Exhibits D, E and F is not hearsay because it qualifies as an admission under Federal Rule of Evidence 801(d)(2). As a preliminary matter, the Court determines that the information contained in the computer printout at issue was entered into the Plaintiff's computer system by the Debtor himself through his use of the automated phone system. In his brief, the Debtor suggests that it is not clear "if [the

3

information] was taken from the debtor or someone else acting on the debtor's behalf." *See Debtor's Memorandum of Law*, Docket Entry No. 15-3, *5.  However, if the automated phone system had been used by someone other than Debtor, and thus the information used to apply for unemployment insurance on the Debtor's behalf had been fraudulently provided by someone other than the Debtor, surely the Debtor would have not accepted unemployment benefits he received from the Department for which he did not apply.  Given the information provided to the Debtor from the Department in pamphlets regarding unemployment insurance, the Debtor was on notice that reporting information and filing a claim for unemployment benefits must be completed by the claimant, personally.  *See Department's Trial Brief, Exhibits A, B and C*, Docket Entry No. 12-1, *13.[1]  Among other requirements, the pamphlets instruct that "you," the claimant, must provide "your" Social Security Number, PIN and, most significantly, that the "you" certify at the conclusion of the telephone call that the answers "you" provided are correct under penalty of law.  *Department's Trial Brief, Exhibit C* at *13, 15-16.  Therefore, had someone other than the Debtor provided this information to the Department, the Debtor would have known that this information had been falsely reported in violation of the claims process.  In light of the fact that the Debtor did not report any unemployment benefits received in error, it is clear that the information provided to the Department's automated telephone system came directly from the Debtor.  As such, it is an admission under FED.R.EVID. 802(d)(2) and is not hearsay.

---

[1] Although the admissibility of these Exhibits has not been challenged, the Court notes that these pamphlets are admissible under Fed.R.Evid. 902(5): self-authenticating evidence as an official publication.

The analysis could end here; however, the Court finds that, even if the documents contained in Exhibits D, E and F were hearsay, they would be admissible as a business record exception to the rule against hearsay under FED.R.EVID. 803(6).

Federal Rule of Evidence 803(6) provides an exception to the Rule against hearsay for:

> A record of an act, event, condition, opinion, or diagnosis if:
> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED.R.EVID. 803(6). The Debtor argues that the records contained in Exhibits D, E and F are benefit payment reports produced by the Department five to seven years after the alleged misrepresentations. Thus, the Debtor contends that these records cannot satisfy the first requirement of FED.R.EVID. 803(6): that the record was made "at or near the time" of the alleged misrepresentation. Indeed, these documents are dated May 12, 2012. The Debtor also questions specifically who recorded the information into the Plaintiff's database and whether the information actually came from the Debtor himself. Finally, it is the Debtor's contention that the records sought to be introduced were produced solely for purposes of pursuing either this adversary claim or the state court claim against the Debtor.

5

The Department explains that Exhibits D, E and F are electronic records which were produced by the Debtor himself when he used the automated phone system to claim his unemployment benefits. Further, the Department contends that these records satisfy the remaining requirements of FED.R.EVID. 803(6) because they were kept in the regular course of business and were a product of the Department of Labor's regular practice. Also, the Department contends that it has a custodian and/or a qualified witness who can testify regarding the electronically stored information. Finally, the Department argues that there is nothing about the reports which indicate a lack of trustworthiness.

The Court agrees with the Department. Although the computer print-outs are dated May 12, 2012, the information being presented to prove the alleged misrepresentations was electronically stored nearly instantaneously to the time the representations were made. The Department explains that when the Debtor used the automated phone system to claim his unemployment benefits, his claim information was recorded in electronic form in the Department's system as quickly as the signal could travel over the phone lines. Thus, the date of the print-out is irrelevant. The hearsay record which is being challenged is the electronically stored information. The note to paragraph 6 of Rule 803 specifically states:

> The form which the "record" may assume under the rule is described broadly as a "memorandum, report, record, or data compilation, in any form." The expression "data compilation" is used as broadly descriptive of any means of storing information other than the conventional words and figures in written or documentary form. It includes, but is by no means limited to, electronic computer storage.

6

FED.R.EVID. 803(6), Note to Paragraph 6. Given this specific reference to electronic computer storage, the data compilation contained in the print-outs dated May 12, 2012 fall squarely within the type of record contemplated by FED.R.EVID. 803(6). Also, the date of the print-out itself is irrelevant as the Department certifies that the information which is being offered to prove the alleged misrepresentation was stored nearly as quickly as it was created. Further, common sense indicates that the information was stored as soon as it was created. Had it not been stored and processed immediately, the Debtor would not have received his benefits. Therefore, the Court concludes that the first prong of FED.R.EVID. 803(6) is satisfied.

Likewise, the second and third prongs of FED.R.EVID. 803(6) are also satisfied. The records at issue were kept in the ordinary course of business and making the record was a regular practice of the Department of Labor. It is undisputed that this type of information was recorded specifically for the purpose of administering the Department's unemployment insurance and that a similar record was created for each claimant who applied for unemployment insurance.

Further, given the experience and authority of the Department's qualified witness, Mrs. Dolan, the Court determines that she is competent to testify as to the workings, procedures and processes of the Department. The Debtor challenges Mrs. Dolan's testimony and suggests that her testimony cannot satisfy the requirements of FED.R.EVID. 803(6). Specifically, the Debtor states, "[Mrs. Dolan] would not have any knowledge of how the original computer records were generated or even by whom they were generated." The Debtor misses the point. The electronic records were recorded automatically by the Department's automated phone system, a system with which Mrs. Dolan is familiar given her experience and employment position in the

Department. "Courts have made clear [] that the 'custodian or other qualified witness' who must authenticate business records need not be the person who prepared or maintained the records, or even and employee of the record-keeping entity, as long as the witness understands the system used to prepare the records." *Conoco Inc. f. Dep't of Energy*, 99 F.3d 387, 392 (Fed. Cir. 1996). Additionally, as discussed earlier, the Court finds that the records were generated by the Debtor himself through his use of the automated phone system.

Finally, the Defendant certifies that there is no human intervention in the recording of the representations because it is an entirely automated system. Therefore, the Court determines that there is no reason to question the source of the information nor does the method or circumstances of preparation indicate a lack of trustworthiness.

For the reasons discussed above, the Debtor's Motion is denied with respect to Exhibits D, E and F.

### B. Admissibility of Exhibits H and L

The Debtor also challenges the admissibility of the investigative reports and letters contained in Exhibits H and L. The Debtor contends that these reports were created six to eighteen months after the alleged misrepresentations, thus cannot be considered contemporaneous. The Debtor broadly states that this "defect, in addition to the others[,] make them wholly inadmissible as a business record exception under F.R.E. 803(6)." *Debtor's Memo* at *6. Presumably, the Debtor is implying that the investigative reports do not satisfy the

8

remaining requirements of FED.R.EVID. 803(6), though the Debtor does not further specify which elements they lack or why.

The Department explains that Exhibits H and L are investigative letters sent to the Debtor by the Department which contain the Debtor's earnings as reported by the Debtor and which also contain the actual wages paid to the Debtor, as reported by the Debtor's employer. The Department contends that Exhibits H and L are admissible as an exception to hearsay because they have elements of an admission under FED.R.EVID. 804(b)(8). *See Department's Memorandum of Law*, Docket Entry No. 16, *5. The Department later contends that these Exhibits have elements of a statement against interest and the Department refers to FED.R.EVID. 804(a)(3). *See Department's Memo* at *11. The Department also broadly contends that these documents satisfy the requirements FED.R.EVID. 803(b).

With respect to the Department's reference to various sections of FED.R.EVID. 804, the Court notes that that section provides exceptions to the rule against hearsay when the declarant is unavailable as a witness. Given that the "statement," or more accurately the information contained in Exhibits H and L, was made or provided by either the Debtor, the Department or the Debtor's employer, it is unclear how the declarant is unavailable as a witness. Thus, the Court questions the applicability of FED.R.EVID. 804 in general. Further, there does not exist a section 804(b)(8). If the Department meant to refer to FED.R.EVID. 804(b)(3), a Statement against Interest, the Court reiterates that the declarants (the Debtor, the Department and the Debtor's employer) are, in fact, available. Thus, the exception does not apply.

The Department may have, and most likely meant to, refer to FED.R.EVID. 801(d)(2), an Opposing Party's Statement. As discussed earlier, under this section, a statement is not considered hearsay if it is made by an opposing party and offered against him. If this is truly what the Department intended to reference in its brief, then, at a minimum, part of the investigative reports (specifically, the portion which pertained to earnings reported by the Debtor) would be an admission and not hearsay.

However, given that the investigative letters originated from the Department, the Court finds that the Department's contention that the letters may contain elements of an admission to be of no import. In point of fact, Exhibits H and L are letters prepared by the Department; as a result, the majority of their contents cannot be an admission of a party opponent. Regardless, the Court determines that these letters are admissible under the public records exception to the rule against hearsay, FED.R.EVID. 803(8).

As stated earlier, the Department describes Exhibits H and L as "investigation letters." *Department's Memo* at *11. These letters were sent to the Debtor to inform him that he may be required to refund money or that he may be subject to other discipline because discrepancies were found between the earnings he reported and his actual earnings as reported by the employer. Exhibits H and L are being offered by the Department to show this discrepancy. *Id*. Accordingly, these documents are hearsay documents. However, the Court finds that they fall under the public records exception to the rule against hearsay, FED.R.EVID. 803(8).

Federal Rule of Evidence 803(8) provides an exception to the Rule against hearsay for:

(8) Public Records. A record or statement of a public office if:

  (A) it sets out:

    (i) the office's activities;

    (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

    (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

  (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

FED.R.EVID. 803(8). The Court finds that each of these requirements is satisfied. First, the investigative reports in Exhibits H and L appear to be reports generated by the Department, a public agency, which present the Department's findings discovered through an investigation into discrepancies between the Debtor's actual and reported income. The reports set forth the Department's activities and/or factual findings as the result of an investigation made pursuant to their authority granted by law. Thus, they are admissible under FED.R.EVID. 803(8)(A) & (C) as exceptions to the hearsay rule. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161–62, 170, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988); *Pennenvironment v. Genon Northeast Management Co.*, 2011 WL 1085885 (W.D. Pa. March 21, 2011); *Coates v. AC and S, Inc.*, 844 F.Supp. 1126, 1132–33 (E.D.La.1994); *United States v. Davis*, 826 F.Supp. 617, 621–22 (D.R.I.1993); *Conde v. Velsicol Chemical Corp.*, 804 F.Supp. 972, 993 (S.D.Ohio 1992), *aff'd*, 24 F.3d 809 (6th Cir.1994). *See also* 33 U.S.C. § 1311(b)(2)(A).

Further, the majority of courts hold that investigative reports, like the report presently at issue, are presumptively trustworthy. *See, e.g., Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999) (upholding the presumption of trustworthiness in public records); *Sussel v. Wynne*, No. 05-00444 ACK-KSC, 2006 BL 152545 (D. Haw. Oct. 4, 2006) (a "trial court is entitled to presume that a public report is authentic and trustworthy"). The Debtor has not challenged the trustworthiness of these investigative letters; thus, there is nothing before the Court which would preclude their admissibility. *See Bradford Trust Co. v. Merrill Lynch*, 805 F.2d 49, 54 (2d Cir. 1986) (requiring an affirmative showing of untrustworthiness in order to exclude the record).

For the reasons set forth above, the Court concludes that the investigative letters contained in Exhibits H and L are admissible under the public records exception to the rule against hearsay, FED.R.EVID. 803(8).

Alternatively, the Court also concludes that the letters contained in Exhibits H and L are admissible under the business records exception to the rule against hearsay, FED.R.EVID. 803(6). The Court finds that each of the requirements of FED.R.EVID. 803(6) is satisfied. First, the Court determines that these letters were written contemporaneously with the Department's discovery of the discrepancies. The Debtor argues that the letters in Exhibits H and L were written "six to eighteen months after the alleged representations[.]" *Debtor's Memo* at *6. However, the Debtor's argument is misplaced. The letters in Exhibits H and L are not being offered to show that the Debtor actually made the alleged misrepresentations. Rather, the letters are being offered to show that there is a difference between the amount of earnings reported by the Debtor

and the amount of earnings reported by the employer. *See Department's Memo* at *11. Therefore, to satisfy FED.R.EVID. 803(6)(A), these records must have been made at or near the time the discrepancies were discovered by the Department, not at or near the time the underlying misrepresentations were made.

Exhibit H, dated June 26, 2007, relates to information that the Department received from the Debtor's employer by means of a document dated February 14, 2007. *Department's Trial Brief, Exhibit G,* Docket Entry No. 12, *19. Likewise, the letter in Exhibit L is dated July 8, 2008 and is based upon information received from the Debtor's employer on or about May 16, 2008. *Department's Trial Brief, Exhibit K,* Docket Entry No. 12, *36. The passage of time between receipt of information from the employer and the issuance of the letter to the Debtor is a reasonable amount of time for the Department to discover the discrepancy and make the decision to take further action. Therefore, the Court finds that these letters were written at or near the time that the discrepancy was discovered and the first prong of FED.R.EVID. 803(6) has been fulfilled.

Further, the Court determines that keeping this record was a regularly conducted activity of the Department's business and that the issuance of letters of this type is a regular practice of the Department's business. Therefore, prongs (B) and (C) of FED.R.EVID. 803(6) have been satisfied. Also, as discussed earlier, the Court finds that Ms. Dolan is a qualified witness who can testify as to the authenticity of these letters. Finally, neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness; nor has the Debtor set forth that argument. Therefore, these letters satisfy the final prongs of FED.R.EVID.

803(6). For all of these reasons, the Court determines that Exhibits H and L are admissible hearsay as business record exceptions under FED.R.EVID. 803(6).

### C. Exhibit I

Finally, the Debtor appears to have challenged Exhibit I. *See Debtor's Memo* at *6. However, Exhibit I is a copy of a statement written and signed by the Debtor as well as a copy of the Debtor's driver's license, which he also signed. It is unclear how this document is hearsay. The Court will admit this Exhibit under FED.R.EVID. 801(d)(2).

### IV. Conclusion

For the reasons set forth above, the Court concludes that the challenged exhibits are admissible. Accordingly, the Debtor's Motion **DENIED**. Counsel for the Department is directed to submit an Order consistent with the Court's ruling.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: June 7, 2013